[No. 526.   August 23, 1893.]

ANNIE D. BUNTZ ET AL., PLAINTIFFS IN ERROR, v.
BARBERO LUCERO, DEFENDANT IN ERROR.

ERROR, WRIT OF—ASSIGNMENT OF OVERRULING MOTION FOR NEW TRIAL,
    AS ERROR.—A motion for new trial is addressed to the sound discre-
    tion of the trial court, and when the only assignment of error is the
    overruling of such motion, the writ of error will be dismissed.

ERROR, from the Third Judicial District Court,
Dona Ana County.   Writ dismissed, and judgment
below affirmed.

The facts are stated in the opinion of the court.

E. C. WADE for plaintiffs in error.

S. B. NEWCOMB for defendant in error.

LEE, J.—This was a suit in ejectment, and was
brought to this court by a writ of error.   The only
matter brought up by bill of exceptions is the evidence,
which is voluminous.   There were no errors assigned

at the commencement of this term, and the defendant in error moved for a dismissal of the writ of error for that reason.   On the fourth day of the term the plaintiff in error filed the following as an assignment of error:   "Now comes the above plaintiffs in error by E. C. Wade, their attorney, and makes the following assignment of errors in the above entitled cause:   First, the court erred in overruling the motion for a new trial."   Section 2189 of the Compiled Laws provides that "on appeals and writs of error the appellant and plaintiff in error shall assign error on or before the first day of the term to which the cause is returnable.

WRIT of error: assignment of overruling motion for new trial, as error.

In default of such assignment of error, the appeal or writ of error may be dismissed, and the judgment affirmed, unless good cause for such failure be shown." Considering the assignment of error in this case as having been filed in time, it would be entirely insufficient, under the rulings of this court, as it has been held that a motion for a new trial is a motion addressed to the sound discretion of the court, and the decision of the court in granting or refusing it alone is not the proper subject of a bill of exceptions.   Coleman v. Bell, 4 N. M. 28.   Therefore, there being no assignment of error in this case which the court would consider, the motion to dismiss the writ of error might be sustained.   But, having carefully axamined the entire record, and not having been able to discover any error that would justify a reversal, we think the judgment below should be affirmed, which is accordingly ordered.

O'BRIEN, C. J., and SEEDS, FALL, and FREEMAN, JJ., concur.